UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANGELA G.,

                              Plaintiff,

v.                                                          5:19-CV-1521
                                                            (ML)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                OF COUNSEL:

CONBOY, MCKAY LAW FIRM                      PETER L. WALTON, ESQ.
  Counsel for the Plaintiff
407 Sherman Street
Watertown, New York 13601-9990

SOCIAL SECURITY ADMINISTRATION              KEVIN M. PARRINGTON, ESQ.
  Counsel for the Defendant                 Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

Plaintiff Angela G. ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g),

seeking review of the final decision of the Commissioner of Social Security ("Defendant" or

"Commissioner"), denying her application for Supplemental Security Income ("SSI") benefits.

(Dkt. No. 1.)  For the reasons set forth below, Defendant's motion for judgment on the pleadings

pursuant to Fed. R. Civ. P. 12(c) is granted.  (Dkt. No. 10.)  The Commissioner's decision

denying Plaintiff SSI benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

As of the date of the administrative hearing on September 13, 2018, Plaintiff was 48 years old.  (Administrative Transcript ("T.") 24, 36.)  Plaintiff has a tenth-grade education.  (T. 36, 225.)  Plaintiff is a stay-at-home mother and for most of her life has not worked outside of the home due to various sicknesses.  (T. 37, 215.)  Plaintiff worked as a housekeeper for 11 years from 1990 to 2001.  (T. 225.)  Plaintiff stated at the hearing that she cooked, she cleaned the house with breaks every 15-20 minutes, and she went shopping with others.  (T. 57-58.)  Plaintiff is married with five children, two of whom are aged 14 and 9, and live at home.  (T. 77.)  Plaintiff's husband, who works as a painter, provides support for the family.  (*Id.*)

### B.      Procedural History

On February 12, 2016, Plaintiff filed an application for SSI, alleging that she became disabled on April 30, 2010, due to psoriasis, thyroid, chronic obstructive pulmonary disease (COPD), back problems, acid reflux, and cancer.  (T. 37-39, 204, 224.)[1]  Plaintiff's application was denied initially on July 21, 2016.  (T. 124-127.)  On October 27, 2016, Plaintiff's request for reconsideration of the initial decision was denied, and denial of SSI benefits was affirmed.  (T. 128-135.)  Plaintiff requested an administrative hearing, which was held on September 13, 2018, before Administrative Law Judge ("ALJ") Jennifer Gale Smith.  (T. 33.)  The ALJ issued an unfavorable decision on November 13, 2018.  (T. 10-26.)  This became the Commissioner's final

---

[1]      On March 30, 2010, Plaintiff filed an application for SSI, alleging that she became disabled on January 1, 2001, due to psoriasis, thyroid, COPD, back problems, acid reflux, and cancer.  (T. 73-80.)  Her application was denied initially on July 26, 2010.  (*Id.*)  Plaintiff requested an administrative hearing, which was held on May 18, 2011, before ALJ Arline Colon.  (T. 80.)  The ALJ issued an unfavorable decision on June 16, 2011.  (*Id.*)  This became the Commissioner's final decision because Plaintiff did not appeal within 60 days of the ALJ decision.  (*Id.*)

decision when the Appeals Council denied Plaintiff's request for review on October 11, 2019.

(T. 1-5.)

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following ten findings of fact and

conclusions of law.  (T. 13-26.)  First, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since February 12, 2016.  (T. 15.)  Second, the ALJ found that Plaintiff's COPD,

asthma, degenerative disc disease of the cervical and lumbar spine, fibromyalgia, bilateral

inguinal lymphadenopathy, and psoriasis are severe impairments.  (T. 15-16.)  Third, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P,

App. 1 (the "Listings").  (T. 16-17.)  More specifically, the ALJ considered Listings 1.04

(disorders of the spine), 3.02 (chronic respiratory disorders), 3.03 (asthma), 8.02 (ichthyosis),

8.05 (dermatitis), 8.06 (hidradenitis suppurativa), 13.23 (cancers of the female genital tract-

carcinoma or sarcoma), and 14.09 (inflammatory arthritis).[2]  (*Id.*)  Fourth, the ALJ found that

Plaintiff had the residual functional capacity ("RFC") to perform

> sedentary work, as defined in 20 CFR 416.967(a), except the claimant can
> sit for eight hours in an eight-hour day and for four hours total at one time.
> The claimant can stand for one hour in an eight-hour workday and for
> twenty minutes at one time.  The claimant can walk for one hour in an
> eight-hour workday and for fifteen minutes at one time.  The claimant can
> occasionally climb ramps and stairs and stoop.  The claimant should not
> climb ladders, ropes and scaffolds, balance, kneel, crouch and crawl.  The
> claimant should not work at unprotected heights or work in close
> proximity to dangerous machinery or moving mechanical parts of
> equipment.  The claimant should have no exposure to concentrated
> respiratory irritants such as dust, odors, fumes and gases and extreme hot
> and cold temperatures and humidity.  The claimant can have occasional
> exposure to vibration.  She can frequently reach in all directions other than

---

[2]    The ALJ also used Social Security Ruling 12-2p to evaluate Plaintiff's fibromyalgia.  (T.
17.)

overhead.  She not should not reach overhead.  The claimant can
frequently handle, finger and feel.  She can occasionally push and pull, but
she should not use foot controls.

(T. 17-24.)  Fifth, the ALJ found that Plaintiff had no past relevant work.  (T. 24.)  Sixth, the

ALJ found that Plaintiff was 45 years old, which is defined as a younger individual age 45-49, on

the date the application was filed.  (*Id.*)  Seventh, the ALJ found that Plaintiff has a limited

education and can communicate in English.  (*Id.*)  Eighth, the ALJ found that transferability of

job skills is not an issue because Plaintiff does not have any past relevant work.  (*Id.*)  Ninth, the

ALJ found that, considering Plaintiff's age, education, work experience, and residual function

capacity, there are jobs that exist in significant numbers in the national economy that she can

perform.  (T. 24-25.)  More specifically, the vocational expert testified that, given these factors,

Plaintiff would be able to perform the requirements of representative occupations such as

document preparer, order clerk, and charge account clerk.  (T. 24-25.)  Tenth, the ALJ therefore

concluded that Plaintiff has not been under a disability from February 12, 2016, through the date

of her decision.  (T. 25.)

> ### D.     The Parties' Briefings on the Motions

> #### 1.     Plaintiff's Motion for Judgment on the Pleadings

Generally, Plaintiff makes two arguments in support of her motion for judgment on the

pleadings.  (Dkt. No. 7, at 5-12 [Pl.'s Mem. of Law].)

First, Plaintiff argues that the ALJ erroneously found that Plaintiff did not meet the

coverage requirements for Listing 8.05 (dermatitis).  (*Id.* at 8-15.)  More specifically, Plaintiff

argues that (1) she suffers from extensive psoriasis that satisfies the Listing requirements and did

not improve with treatment, (2) the ALJ incorrectly determined that x-ray evidence was required

to show some type of joint abnormality, however the Listing only requires interference with the

motion of joints and Plaintiff's psoriasis "on her hands, fingers, feet, knees and elbows impact her ability to move her joints," (3) the ALJ erred in concluding that Plaintiff's skin legions on the soles of both of her feet, which limit her ability to stand and ambulate, were not "serious limitations." (*Id.*)

Second, Plaintiff argues that the residual functional capacity ("RFC") determination is not supported by substantial evidence. (*Id.* at 11-15.)  More specifically, Plaintiff argues that the ALJ (1) improperly rejected the opinions of Dr. Kidwai and Dr. Lorensen regarding Plaintiff's limited ability to reach, and instead determined that Plaintiff can frequently reach in all directions other than overhead, (2) omitted the opinion of Dr. Kidwai that Plaintiff should refrain from a prolonged flexed positions of the cervical spine, repetitive movements of the elbows and wrists, and that Plaintiff would need to change her pace or take breaks after thirty minutes of sitting, standing, or walking, (3) improperly substituted her own opinion for those of Dr. Kidwai and Dr. Lorensen who found reaching limitations after she asked Plaintiff during the hearing if she could reach a box of tissues, then determined that Plaintiff could reach on a frequent basis, even though Plaintiff's testimony was consistent with Dr. Lorensen's findings that she could only reach on an occasional basis, and (4) erred in concluding that Plaintiff could reach on a frequent basis, which caused the vocational expert to incorrectly conclude that jobs exist in significant numbers in the national economy that Plaintiff would be able to perform. (*Id.*)

## 2.    Defendant's Motion for Judgment on the Pleadings

Generally, Defendant makes two arguments in support of his motion for judgment on the pleadings. (Dkt. No. 10, at 9-16 [Def.'s Mem. of Law].)

First, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet criteria for Listing 8.05 (dermatitis). (*Id.* at 10-12.)  More

specifically, Defendant argues that (1) Plaintiff's psoriasis did not cause "very serious" limitations because, as the ALJ explained, Plaintiff had normal strength in her extremities, good range of motion in her arms and legs, and normal gait; (2) the ALJ correctly noted Dr. Lorensen's opinion notes that Plaintiff had normal (5/5) grip strength, "intact" hand and finger dexterity, and denied any activity or mobility limitations; and (3) the ALJ appropriately determined that Plaintiff's ability walk for one hour in an eight-hour day and for 15 minutes at a time was not a very serious limitation because when combined with her one hour ability to stand to work, closely approximate the requirements of sedentary work, which limit periods of standing or walking to generally no more than 2 hours of an 8-hour workday.  (*Id.*)

Second, Defendant argues that substantial evidence supports the ALJ's RFC determination.  (*Id.* at 12-15.)  More specifically, Defendant argues that (1) there is substantial evidence to support the ALJ's decision to not accept Dr. Lorensen's opinion that Plaintiff could reach only occasionally because (a) Plaintiff testified that reaching overhead was painful but reaching forward caused no pain, (b) Dr. Miller opined that Plaintiff could occasionally reach overhead and frequently reach in other directions, (c) Dr. Lorensen opined that Plaintiff had full range of motion in her elbows and forearms, and (d) Ms. Lynch opined that Plaintiff had a good range of motion in her upper extremities; (2) the ALJ did not rely solely on Plaintiff's testimony in finding that Plaintiff could reach overhead occasionally and frequently reach in other directions because the ALJ gave partial weight to Dr. Miller's opinion, which supported the ALJ's RFC finding; and (3) substantial evidence supports the ALJ's assignment of "some weight" to Dr. Kidwai's opinion because Dr. Kidwai (a) did not provide a complete function-by-function assessment, (b) provides an opinion that is largely derived from Plaintiff's own allegations, and (c) other evidence (e.g., MRIs, observations that Plaintiff had a normal gait, and

Dr. Miller's opinions) undermine Dr. Kidwai's opinion that Plaintiff should limit standing, walking, and driving to only thirty minutes.  (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  To facilitate the Court's review, an ALJ must set forth the crucial factors justifying her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010) (Kahn, J.); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153.  In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

   **B.     Standard for Benefits[3]**

   To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2015).  In addition, plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

---

[3]     The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

*Id.* § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social

Security Administration ("SSA") promulgated regulations establishing a five-step sequential

evaluation process to determine disability.  20 C.F.R. § 416.920(a)(4) (2015).  Under that five-

step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful
> activity; (2) whether the claimant has a severe impairment or combination
> of impairments; (3) whether the impairment meets or equals the severity
> of the specified impairments in the Listing of Impairments; (4) based on a
> "residual functional capacity" assessment, whether the claimant can
> perform any of his or her past relevant work despite the impairment; and
> (5) whether there are significant numbers of jobs in the national economy
> that the claimant can perform given the claimant's residual functional
> capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or

non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*,

540 U.S. 20, 24 (2003).

## III.   ANALYSIS

### A.   Whether the ALJ's Findings that Plaintiff Did Not Meet Coverage Requirements for Listing 8.05 (dermatitis) is Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative

for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 10, at 9-12.)  To those

reasons, the Court adds the following analysis, which is intended to supplement but not supplant

Defendant's reasons.[4]

---

[4]      On January 18, 2017, SSA published a final rule that changed the protocol for evaluating
medical opinion evidence.  *See* Revisions to Rules Regarding the Evaluation of Medical Opinion
Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. §§ 404 & 416).  Those new
regulations apply only to claims filed with the SSA on or after March 27, 2017.  Because
Plaintiff's claim was filed on prior to that date, to the extent that the regulations are cited, the

The Listing describes impairments that are "severe enough to prevent an individual from doing any gainful activity."  20 C.F.R. § 416.925(a).  The burden of proof is on Plaintiff "to show that her impairments meet or medically equal a Listing."  *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009) (Mordue, C.J.) (citing *Naegele v. Barnhart*, 433 F. Supp. 2d 319, 324 (W.D.N.Y. 2006)).  "To meet a Listing, Plaintiff must show that her medically determinable impairment satisfies all of the specified criteria in a Listing."  *Rockwood*, 614 F. Supp. 2d at 272 (citing 20 C.F.R. § 404.1525(d)).  "If a claimant's impairment 'manifests only some of those criteria, no matter how severely,' such impairment does not qualify."  *Id*. at 272 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  Additionally, a court may be able to uphold an ALJ's finding that a claimant does not meet a Listing even where the decision lacks an express rationale for that finding if the determination is supported by substantial evidence.  *Id*. at 273 (citing *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982)).

At issue is Listing 8.05 (dermatitis), which requires "extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed."  20 C.F.R. pt. 404, subpt. P, app. 1 § 8.05.  "Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation."  20 C.F.R. pt. 404, subpt. P, app. 1 § 8.00(C)(1).  Lesions are those that "involve multiple body sites or critical body areas, and result in a very serious limitation" e.g., skin legions that interfere with the motion of joints, limit use of an extremity, limit fine and gross motor movement due to legions on both palms, limit ambulation due to legions on the soles of both feet.  (*Id*.)

Here, there is substantial evidence to support the ALJ's conclusion that Plaintiff's psoriasis did not "result in a very serious limitation."  The ALJ found that Plaintiff had severe

Court refers to versions of the regulations that were in effect prior to March 27, 2017.

psoriasis; however, the ALJ found that Plaintiff's severe psoriasis does not "result in a very serious limitation." (Dkt. No. 10, at 9-12; T. 17-18); 20 C.F.R. pt. 404, subpt. P, app. 1 § 8.00(C)(1). Specifically, the ALJ states "[t]here is no evidence that the claimant's psoriasis has affected the joints." (T. 16.) The ALJ noted that x-rays did not show evidence of inflammation, blood work did not show inflammation, and Plaintiff's strength was 5/5 in her upper and lower extremities. (*Id.*) While Plaintiff is correct that Dr. Lorensen's notes state that Plaintiff has extensive psoriasis and noted that she experienced mild to moderate limitations for prolonged standing and ambulating due to foot pain from psoriasis on the soles of her feet, the ALJ noted that "Dr. Lorensen found that the claimant's hand finger dexterity was intact and that her grip strength was a 5/5. Dr. Lorensen opined that the claimant was capable of continuously handling, fingering and fe[e]ling." (T. 16-17.) Regarding the pain in the soles of her feet that limited her ability to ambulate, the ALJ acknowledged that although Plaintiff "has a limitation in her walking, the ability to walk for one hour in an eight-hour day and for fifteen minutes at a time does not constitute a very serious limitation." (T. 17.) The ALJ also noted that Plaintiff was "able to ambulate without the use of an assistive device." (*Id.*) As a result, the Court finds that the ALJ correctly held that Plaintiff's psoriasis did not "result in a very serious limitation."

### B.     Whether Substantial Evidence Supports the ALJ's RFC Determination

After carefully considering that matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 10, at 12-15.) To those reasons, the Court adds the following analysis to supplement, but not supplant, Defendant's reasons.

In formulating a plaintiff's RFC, an ALJ does not have to adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although

the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Zongos v. Colvin*, 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (Sharpe, C.J.) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion); *Quinn v. Colvin*, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016) ("'Although [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.'") (quoting *Matta*, 508 F. App'x at 56); *West v. Comm'r of Soc. Sec.*, 15-CV-1042, 2016 WL 6833060, at *5 (N.D.N.Y. Oct. 18, 2016) (Mitchell, M.J.), *report and recommendation adopted by* 2016 WL 6833995 (N.D.N.Y. Nov. 18, 2016); *see also Dirisio v. Comm'r of Soc. Sec.*, 15-CV-1181, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) (Suddaby, C.J.) ("In formulating the RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta*, 508 F. App'x at 56); *Wilburn v. Colvin*, 15-CV-0058, 2016 WL 1237789, at *4 (N.D.N.Y. Feb. 29, 2016) (Dancks, M.J.) (finding that the ALJ was not obligated to incorporate all of a physician's limitations into the RFC where he afforded the opinion "significant but not great weight").

Here, the ALJ appropriately gave Dr. Kidwai's opinion "some weight" because Dr. Kidwai "did not provide a complete function-by-function assessment in terms of what the claimant would be able to do as related to basic daily and work activities," and, therefore, could not entirely rely on Dr. Kidwai's opinion.  (T. 23-24); *see* 20 C.F.R. § 416.927(c)(3) (permitting the ALJ to weigh a medical source's opinion based on whether the source explains the opinion or provides supporting evidence for it); *see also Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir.

2013) (citing SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) (a lack of function-by-function assessment by the ALJ is not a *per se* remand as the relevant inquiry is whether the ALJ applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence)) (before an ALJ classifies the plaintiff's RFC based on levels of work, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis"); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (an ALJ must "assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review").

In addition, inconsistencies with objective findings can constitute a good reason for rejecting an opinion or accepting parts of the opinion.  *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (indicating that the extent that an opinion is consistent with the record as a whole is one of the factors considered when determining the amount of weight to which an opinion is entitled); *see also Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 889 (2d Cir. 2007) (noting that an ALJ may reject an opinion from a treating physician "upon the identification of good reasons, such as substantial contradictory evidence in the record") (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004)); *Saxon v. Astrue*, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) (Mordue, C.J.) (citing *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 (N.D.N.Y. 2007) (Bianchini, M.J.)) ("The less consistent an opinion is with the record as a whole, the less weight it is to be given."); *Matthews v. Comm'r of Soc. Sec.*, 2018 WL 4356495, at *3 (W.D.N.Y., Sept. 13, 2018) (the court found that "[i]n resolving evidence, an ALJ is entitled to accept parts of a doctor's opinion and reject others.").

Here, the ALJ noted inconsistency between the record as a whole and Dr. Lorensen's opinion.  More specifically, the ALJ noted that Dr. Lorensen's opinion "that the claimant can reach occasionally in all directions other than overhead[,] is inconsistent with the claimant's testimony that she experiences no pain in reaching in directly in front of her."  (T. 22.) Moreover, Dr. Lorensen opined that Plaintiff (a) had full range of motion in her elbows and forearms (T. 619), (b) can frequently lift and carry up to ten pounds, occasionally twenty pounds (T. 621), (c) was unable to reach overhead (T. 623), and (d) could occasionally reach in all other directions (*Id.*).  The ALJ noted that Dr. Miller's opinion was inconsistent with Dr. Lorensen's opinion because Dr. Miller opined that Plaintiff could occasionally reach overhead and frequently reach in other directions.  (T. 24.)

As a result, the Court finds that substantial evidence supports the ALJ's RFC finding. *See Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) ("A physician's opinions are given less weight when his opinions are internally inconsistent.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.


Dated: January 4 , 2021
        Binghamton, New York

                                                _____
                                                Hon. Miroslav Lovric
                                                United States Magistrate Judge